

FILED
JUN - 4 2012
CLERK

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH DAKOTA
## CENTRAL DIVISION

| | | |
|---|---|---|
| TODD JONES AND SHEILA JONES | ) | Case No. _12-3017_ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| DYNAMIC RECOVERY SOLUTIONS, | ) | |
| LLC | ) | |
| Defendant. | ) | |

### NATURE OF ACTION

1.     This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

### JURISDICTION AND VENUE

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

### PARTIES

4.     Plaintiff, Todd Jones and Sheila Jones ("Plaintiff"), is a natural person who at all relevant times resided in the State of South Dakota, County of Stanley, and City of Fort Pierre.

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.     Defendant, Dynamic Recovery Solutions, LLC ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.      Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9.      Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.  Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

11.     In connection with collection of an alleged debt in default, Defendant called Plaintiffs' residential telephone on February 1, 2012 at 12:15 P.M., and at such time, left the following voicemail message:

> "Uh, yeah. This is Ray Lewis. I'm with DRS. I'm desperately trying to get a hold of Sheila Jones. Uh, Looks like we have a file here in the office and I speak with you and get a statement on your behalf before proceeding obviously without your input. The number that I can be reached at in regards to the matter, 888-582-0117. Please call me back today."

12.     In its voicemail message of February 1, 2012, Defendant failed to notify Plaintiffs that the communication was from a debt collector.

13.     In failing to disclose that the communication was from a debt collector, in its voicemail message of February 1, 2012, Defendant failed to meaningfully disclose its identity to Plaintiffs.

14.     In its voicemail message of February 1, 2012, Defendant conveyed a false sense

of urgency for the purpose of compelling Plaintiffs to communicate with a debt collector.

15.     On February 1, 2012, Plaintiff Todd Jones returned Defendant's telephone call, and at such time, Defendant told Plaintiff Todd Jones that it would have to "look into tax returns and garnishment of wages and things like that."

16.     During the conversation with Plaintiff Todd Jones on February 1, 2012, Defendant threatened that "[Defendant] would go to court and put a lien in his income tax and his vehicles so that he wouldn't be able to sell them until [Defendant] was paid if he or Sheila did not call back and make [a] payment by the end of the day."

17.     Upon information and good-faith belief, Defendant was attempting to collect an alleged debt for which no payment had been made since the year 2000.

18.     In its telephone conversation with Plaintiff Todd Jones on February 1, 2012, Defendant falsely represented the legal status of Plaintiffs' alleged debt.

19.     In its telephone conversation with Plaintiff Todd Jones on February 1, 2012, Defendant falsely represented the level of attorney involvement in the collections process.

20.     In its telephone conversation with Plaintiff Todd Jones on February 1, 2012, Defendant falsely represented that nonpayment of Plaintiffs' alleged debt would result in the seizure, garnishment, attachment, or sale of Plaintiffs' property or wages, where such action is not lawful or Defendant did not intend to take such action.

21.     In its telephone conversation with Plaintiff Todd Jones on February 1, 2012, Defendant threatened to take an action against Plaintiffs that cannot be legally taken or that was not actually intended to be taken, which included but was not limited to: threatening to lien Plaintiffs' income taxes, vehicles and home; and threatening to garnished Plaintiffs' wages.

22.     In its telephone conversation with Plaintiff Todd Jones on February 1, 2012,

-3-

Defendant conveyed a false sense of urgency for the purpose of compelling Plaintiffs to communicate with a debt collector, which included but was not limited to: threatening to take action against Plaintiffs property if Plaintiffs did not call back that day to make payment arrangements.

23.     Defendant made initial contact with Plaintiffs via telephone call on February 1, 2012, and at such time, failed to provide Plaintiffs with the disclosures required pursuant to 15 U.S.C. § 1692g(a) et seq., and further failed to provide Plaintiffs with such disclosures within five (5) days thereafter.

24.     In connection with collection of an alleged debt in default, Defendant called Plaintiffs' residential telephone on February 2, 2012 at 5:42 P.M., and at such time, left the following voicemail message:

"[music] Sheila?  Sheila?  Hello, Sheila? [tones]  Hello? [tone]"

25.     In its voicemail message of February 2, 2012, Defendant failed to notify Plaintiffs that the communication was from a debt collector.

26.     In failing to disclose that the communication was from a debt collector, in its voicemail message of February 2, 2012, Defendant failed to meaningfully disclose its identity to Plaintiffs.

27.     Defendant's actions constitute conduct highly offensive to a reasonable person.

## CLAIM(S)

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(6)

28.     Plaintiff repeats and re-alleges each and every allegation contained above.

29.     Defendant violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

-4-

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

30.    Plaintiff repeats and re-alleges each and every allegation contained above.

31.    Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiffs' alleged debt.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
### VIOLATION OF 15 U.S.C. § 1692e(3)

32.    Plaintiff repeats and re-alleges each and every allegation contained above.

33.    Defendant violated 15 U.S.C. § 1692e(3) by falsely representing the level of attorney involvement in the collections process.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692e(3);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
### VIOLATION OF 15 U.S.C. § 1692e(4)

34.    Plaintiff repeats and re-alleges each and every allegation contained above.

35.    Defendant violated 15 U.S.C. § 1692e(4) by falsely representing (or implying) that nonpayment of Plaintiffs' alleged debt would result in the seizure, garnishment, attachment, or sale of Plaintiffs' property or wages, where such action is not lawful or Defendant did not intend to take such action.

-6-

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(4);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692e(5)

36.     Plaintiff repeats and re-alleges each and every allegation contained above.

37.     Defendant violated 15 U.S.C. § 1692e(5) by threatening to take an action against Plaintiffs that cannot be legally taken or that was not actually intended to be taken, which included but was not limited to: threatening to lien Plaintiffs' income taxes, vehicles and home; and threatening to garnished Plaintiffs' wages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT VI
### VIOLATION OF 15 U.S.C. § 1692e(10)

38.    Plaintiff repeats and re-alleges each and every allegation contained above.

39.    Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiffs.

40.    Defendant violated 15 U.S.C. § 1692e(10) by conveying a false sense of urgency in telephone calls to Plaintiffs for the purpose of compelling Plaintiffs to communicate with a debt collector.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT VII
### VIOLATION OF 15 U.S.C. § 1692e(11)

41.    Plaintiff repeats and re-alleges each and every allegation contained above.

42.     Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiffs during each collection contact that the communication was from a debt collector.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII
## VIOLATION OF 15 U.S.C. § 1692g(a) et seq.

43.     Plaintiff repeats and re-alleges each and every allegation contained above.

44.     Defendant made initial contact with Plaintiffs via telephone call on February 1, 2012, and at such time, failed to provide Plaintiffs with the disclosures required pursuant to 15 U.S.C. § 1692g(a) et seq., and further failed to provide Plaintiffs with such disclosures within five (5) days thereafter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a) et seq.;

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

-9-

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

45. Plaintiff is entitled to and hereby demands a trial by jury.

Dated this ___ of May, 2012.

Respectfully submitted,

By: _____

JD Haas, Esq.
*JD HAAS AND ASSOCIATES, PLLC*
Attorneys for Plaintiff
10564 France Avenue South
Bloomington, MN 55431
Telephone:  (952) 345-1025
Facsimile:  (952) 854-1665
Email: JDHAAS@ATTORNEYSFORCONSUMERS.COM

*Co-counsel with WEISBERG & MEYERS, LLC*

5025 N. Central Ave. #602
Phoenix, AZ 85012
Not admitted before this Court
ECF@ATTORNEYSFORCONSUMERS.COM